**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Juan Velazque Castellanos,<br><br>Petitioner<br>v.<br><br>Todd Blanche, et al.,<br><br>Respondents | Case No.: 2:26-cv-02563-JAD-DJA<br><br>**Order Denying Motions, Dismissing Petition, and Closing Case**<br><br>[ECF Nos. 15, 16] |

Petitioner Juan Velazque Castellanos filed a pro se petition for a writ of habeas corpus challenging his immigration detention in August 2026. On August 19, 2026, I appointed counsel, ordered Castellanos to file a counseled amended petition, and directed the respondents to produce several documents to Castellanos's counsel.[1] I also prohibited the respondents from transferring Castellanos out of this district while his habeas petition remained pending.[2] But the respondents failed to appear in this case and failed to comply with my order, so I directed them to show cause why they shouldn't be held in violation of that order and provide supporting documentation explaining if and when Castellanos had been transferred or deported.[3]

In their response to the show-cause order, the respondents explained that Castellanos was placed in ICE custody at the Nevada Southern Detention Center (NSDC) on April 13, 2026, was transferred to "another federal agency" on April 27th, and was returned to ICE custody at NSDC on August 13, 2026.[4] On August 18th—the day before my order prohibiting transfer hit the docket—Castellanos was transferred to Arizona. The next day he was transferred to Texas, and

---

[1] ECF No. 3.

[2] *Id.*

[3] ECF No. 12.

[4] ECF No. 14-1 at 13 (interrogatory responses).

he was removed to Mexico on August 26, 2026.[5] The respondents attached exhibits showing that Castellanos's 2008 removal order was reinstated in April 2026 and that he was removed via chartered flight.[6]

Castellanos's counsel now moves for an extension of the deadline to file an amended petition and to enforce the court's orders against the respondents.[7] He points to alleged discrepancies between the respondents' representations, Castellanos's pro se petition, and "information counsel previously received from NSDC" and contends that the respondents didn't fully comply with my show-cause order because it failed to provide some documentation.[8]

I deny both motions. The respondents sufficiently complied by producing documents and interrogatory responses explaining Castellanos's transfers and removal. I am satisfied that Castellanos was transferred before my order prohibiting transfer issued, so I don't find that the respondents violated my no-transfer order. They didn't comply with the portion of my order requiring them to file a notice of removal within five days of Castellanos's deportation, but that oversight does not warrant any further action by this court. We know now that Castellanos was deported on August 26th.

Given that Castellanos's deportation has been confirmed, I find that Castellanos is not entitled to relief in this court.[9] Castellanos's pro se petition sought "discharge[] from [his]

---

[5] *Id.*

[6] *Id.* at 8, 10.

[7] ECF Nos. 15, 16.

[8] ECF No. 16 at 4–5.

[9] *See* Rule 4 of the Rules Governing 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]").

unconstitutional confinement within 30 days unless [he] is granted a reasonable bond."[10] Castellanos's removal renders that request moot. And I find that ordering the respondents to produce more documents to support the timeline of Castellanos's movements before his deportation will not alter that conclusion. So I dismiss his petition as moot and close this case.

**Conclusion**

IT IS THEREFORE ORDERED that Castellanos's motions for an extension of time and to enforce the court's order **[ECF Nos. 15, 16] are DENIED**.

IT IS FURTHER ORDERED that Castellanos's petition **[ECF No. 4] is DISMISSED** as moot. The Clerk of Court is directed to **CLOSE THIS CASE**.

U.S. District Judge Jennifer A. Dorsey
October 27, 2026

[10] ECF No. 4 at 8.